IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY<br>TDCJ No. 1519297,<br><br>　　　Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:21-cv-1060-E-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jerry Blaney, a Texas prisoner, again seeks to collaterally attack his conviction for aggravated assault of a child and sentence of life imprisonment under 28 U.S.C. § 2254. *See* Dkt. No. 3. Blaney

> was sentenced to life imprisonment for sexually assaulting his then-eleven year old daughter. The trial court's judgment was affirmed on January 12, 2011[,] and Petitioner's motion for rehearing was overruled by order issued February 14, 2011. Petitioner did not file a timely petition for discretionary review. Therefore, his conviction became final for limitations purposes on March 16, 2011[,] 30 days after the state appeals court overruled his motion for rehearing.

*Blaney v. Thaler*, No. 3:13-cv-1401-L, 2013 WL 4050143, at *2 (N.D. Tex. Aug. 9, 2013).

This Court denied the first Section 2254 application that Blaney filed after he exhausted his state remedies with prejudice on limitations grounds. *See generally id.*; *Ex parte Blaney*, WR-72,873-03 (Tex. Crim. App. Jan. 16, 2013) (denying application for state post-conviction relief without written order on the findings of the trial court); *cf. Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("In order to exhaust a

claim, the petitioner must present that claim to the highest court of the state, which in Texas is the [Texas Court of Criminal Appeals,]" through "either a petition for discretionary review following a direct appeal or an application for a post-conviction writ of habeas corpus." (citations omitted)).

United States District Judge Ada Brown has referred Blaney's latest Section 2254 habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Blaney's petition is unauthorized as successive, and considering the circumstances here, the Court should dismiss the application without prejudice to Blaney's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend

> to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Blaney has already exercised his "one fair opportunity to seek federal habeas relief from [the] conviction" that he now collaterally attacks. *Banister*, 140 S. Ct. at 1702.

And his current claims, including his assertion of innocence, allege perceived defects in that conviction that "existed ... at the time of the [first exhausted federal] petition ... even if the legal basis for the [current] attack was not" known to Blaney when he filed that Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *compare* Dkt. No. 3 at 1 (alleging that the state trial judge kidnapped Blaney, falsified and backdated the indictment, stole grand jury records and evidence, and then covered-up these acts and asserting that he is innocent), *with Blaney*, 2013 WL 4050143, at *3 ("Petitioner simply restates his belief that the various state and federal judges that have considered his claims or adjudicated his cases … have engaged in criminal conduct."); *see, e.g.*, *Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545

U.S. 524, 532 (2005)))).[1]

The current habeas petition is therefore successive.

And Blaney's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by also transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given Blaney's litigation history, *see Blaney*, 2013 WL 4050143, at *1, *3, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *United States v. King*, Nos. 3:97-cr-0083-D-01 &

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. ... AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Jerry Blaney's application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE